Entered on Docket
September 19, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

COLUSA MUSHROOM, INC.,   No. 05-12180

Debtor(s).
_____/

Memorandum on Motion to Approve Compromise
_____

     Debtor Colusa Mushroom, Inc., filed its Chapter 11 petition on August 22, 2005. Its plan of reorganization was confirmed June 29, 2006. Pursuant to the plan, the debtor's business was to be sold to Premier Mushrooms, LP. The debtor's estate was to receive a note for approximately $1.3 million secured by the assets sold to Premier. The note was to be paid in three annual installments of $100,000.00 and a balloon payment of approximately $1 million due on June 30, 2010.

     Premier made the three installment payments but failed to make the balloon payment. The case was subsequently converted to Chapter 7 and Jeffry Locke was appointed trustee. Locke has asked the court to approve a compromise whereby he accepts $102,245.00 in full satisfaction of the note. One objection has been filed, by an attorney who represented the Creditors Committee before plan confirmation and the liquidating trustee after confirmation and before conversion. While he bases his standing on an alleged claim for unpaid fees, his motivation is that he has been blamed for the loss which will be realized if the compromise is approved. He hopes that the court will make findings which will help his case.

The problem arises from the fact that the bankruptcy estate's security interest in most of the assets sold to Premier was never perfected. After confirmation, Premier encumbered its assets to secure loans from Sacramento Valley Farm Credit (now known as Farm Credit West) of about $23 million. It appears that Farm Credit West is now secured by the assets and that the bankruptcy estate holds only an unsecured note.

It also appears that Premier is in financial trouble. Locke has produced its financial records, which show it has a negative net worth. Locke has produced evidence that Premier has been negotiating settlements with its creditors and alleges that Premier has been the subject of an involuntary bankruptcy petition dismissed on a technicality. Premier is currently operating under a negotiated forbearance agreement with Farm Credit West. In Locke's judgment, the settlement is his best chance to receive anything at all on account of the note. The court sees no flaw in his analysis of the situation.

The factors to be considered by the court in considering a compromise are set forth in *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986). They include the probability of success, the difficulties, if any, to be encountered in the matter of collection, the complexity of these matters, and the expense, inconvenience and delay necessarily attending them, and the paramount interest of creditors. In considering a compromise, one of these factors often dominates the consideration; in this case, it is the difficulty with collection.

There is a substantial possibility that Premier will not be able to pay its debts, leaving the bankruptcy estate to collect its note from its collateral. However, it further appears that the estate's security interest, not having been perfected, is junior to that of Farm West Credit.[1] The court accordingly finds sound reason for Locke's conclusion that his $102,000.00 bird in the hand is worth

---

[1] The objection argues that Farm West Credit knew about the estate's unperfected security interest, and therefor is junior to it. However, at least as to the personal property which is the majority of the collateral, the first filing party holds the senior position regardless of its knowledge of prior unperfected interests in the same collateral. See 4 White & Summers, *Uniform Commercial Code* (6th Ed.), § 33-3, p. 325.

2

Case: 05-12180    Doc# 160    Filed: 09/18/11    Entered: 09/19/11 12:20:06    Page 2 of 3

more than the objection's $1 million in the bush. The court accordingly determines that the compromise is in the best interests of the bankruptcy estate.

For the foregoing reasons, the objection will be overruled and the compromise approved. Counsel for Locke shall submit an appropriate form of order.

Dated: September 18, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

3