UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

COLUSA MUSHROOM, INC.,                                                        No. 05-12180

                                Debtor(s).
_____/

Memorandum on Motion for Indemnity
_____

      Debtor Colusa Mushroom, Inc., filed its Chapter 11 petition on August 22, 2005. Its plan of reorganization was confirmed June 29, 2006. Pursuant to the plan, the debtor's business was to be sold to Premier Mushrooms, LP. The debtor's estate was to receive a note for approximately $1.3 million secured by the assets sold to Premier. The note was given, but the security interest not perfected. The case was reopened on March 31, 2011, and converted to Chapter 7 on July 14, 2011.

      David Chandler is the former counsel for the Official Creditors' Committee. In 2011, he was sued in state court for professional negligence by four of the five members of the Creditors' Committee in their individual capacities. They alleged that Chandler was negligent in failing to make sure that the security interest was properly perfected. The lawsuit was ultimately dismissed, but Chandler incurred $5,000.00 in legal expenses due to the deductible in his malpractice insurance. In the guise of a fee application, Chandler seeks indemnity from the bankruptcy estate for this expense. He cites no statute or case in support of his application. The Chapter 7 trustee, Jeffry Locke, objects.

1

When considering the fee application of a court-appointed professional, the court is required by § 330(a)(3)(C) of the Bankruptcy Code to consider, among six other factors, whether the services "were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of" the case. This requirement must be interpreted in the light of the special circumstances of a committee counsel. *Collier* notes:

> The requirement that the services for which compensation is sought benefit the estate has a peculiar effect in the case of a professional employed by a committee appointed under section 1102. In such cases, the role of the committee, and hence the committee professional, is to advance the interests of the constituency, and it does not owe a fiduciary duty to the debtor or the estate.

3 **Collier on Bankruptcy** (16th Ed.), ¶ 330.03[1][b], p. 330-26. The burden of proof is on the applicant. 2A **Bankr. Service L. Ed.** § 16B:214; *In re Tan, Lie Hung & Mountain States Investments, LLC*, 413 B.R. 851, 856 (Bkrtcy.D.Ore. 2009).

The court finds that Chandler has not met his burden of showing that his legal expenses defending himself from suit by members of the Creditors Committee advanced the interests of the unsecured creditors in the case. Moreover, the expenses were not in any way beneficial toward completion of the case. Accordingly, Chandler will not be indemnified for them from the bankruptcy estate.

The court cannot help noting that while Chandler did not have a legal duty to make sure that the estate's note was properly perfected, he was in a position to do so and, had he done just a little more than was legally required of him, he might well have saved the estate and his constituency from significant losses. While his failure to save the estate's bacon is not culpable, the court finds no injustice in requiring Chandler to bear the expenses related to his insurance deductible. The court accordingly doubts that it would allow the expense even if Chandler had cited some authority in support of its allowance.

For the foregoing reasons, Locke's objection will be sustained and Chandler's request for reimbursement of his legal expenses related to his defense of the lawsuit will be denied. The small amount of fees to which Locke does not object will be allowed. Counsel for Locke shall submit an

Case: 05-12180    Doc# 197    Filed: 11/11/13    Entered: 11/12/13 11:30:48    Page 2 of 3

appropriate form of order.

Dated: November 11, 2013

_____
Alan Jaroslovsky
Chief Bankruptcy Judge